COBB, Judge,
concurring in part and dissenting in part.
I concur in the majority’s unpublished memorandum insofar as it affirms James Carl Wilson’s convictions for one count of criminal mischief in the second degree and two counts of reckless endangerment. See § 13A-7-22 and § 13A-6-24, Ala.Code 1975. However, I respectfully dissent from the majority’s unpublished memorandum insofar as it affirms the circuit court’s restitution order of $2,300 upon Wilson after his conviction for criminal mischief in the second degree for the same reasons expressed in my dissent in Stutts v. State, [Ms. CR-02-1591, February 27, 2004] — So.2d —— (Ala.Crim.App.2004)(Cobb, J., dissenting).
“Having been a trial judge for over 13 years, I am convinced that the philosophy behind the restitution act is well placed—innocent people should be recompensed for losses sustained through criminal activity. Nevertheless, I believe that this case is distinguishable from the cases relied upon by the majority [permitting restitution in an amount beyond the statutory limit for criminal mischief in the second degree.]”
Stutts v. State, — So.2d at - (Cobb, J., dissenting).
Wilson was indicted for criminal mischief in the first degree following a July 12, 1999, incident. At the time of the alleged offense, the statute defining criminal mischief in the first degree, § 13A-7-21, Ala.Code 1975, required proof that the amount of the damage done ,to property exceeded $1,000. In contrast, at the time of the offense, the statute defining criminal mischief in the second degree, § 13A-7-22, Ala.Code 1975, required proof that the amount of the damage done to property was between $250 and $1,000. The jury rejected the charge of criminal mischief in the first degree and found Wilson guilty of the lesser offense of criminal mischief in the second degree. The trial court ordered restitution in the amount of $2,300 despite the statute restricting damages to $1000. As I stated in Stutts, I do not believe the restitution could be ordered in an amount greater than the limit set by the statute.
“The criminal mischief statute assigns the extent of culpability based on the *1001 amount of monetary damage done to the property, and in this ease, that amount was a question of fact decided by the jury. When the jury found Stutts guilty of criminal mischief in the third degree, it determined that the damage to the truck was no more than $250. Therefore, I believe restitution should have been limited to that amount.”
Stutts v. State, — So.2d at - (Cobb, J., dissenting).
Thus, I would remand this ease for the trial court to amend its order of restitution.